**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAMON ANDERSON,<br>Plaintiff,<br>v.<br>C. WILSON, et al.,<br>Defendants. | Case No. 1:25-cv-00549 KES EPG (PC)<br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, AND DISMISSING CERTAIN CLAIMS AND DEFENDANTS<br>Doc. 14 |

Plaintiff Damon Anderson is a state prisoner who asserts he suffered violations of his civil rights while in custody at the California Substance Abuse Treatment Facility. Doc. 12. The magistrate judge screened Plaintiff's First Amended Complaint and issued findings and recommendations. Doc. 14. The magistrate judge found that Plaintiff stated a cognizable claim against Defendants Wilson, Cortez, and Larios for unreasonable unclothed body searches in violation of the Fourth Amendment, and a cognizable claim against Defendant Wilson for retaliation in violation of the First Amendment. Doc. 14 at 11. The magistrate judge found that Plaintiff did not state claims, based upon a theory of supervisor liability, against Warden T. Cisneros or CDCR Secretary C. Gipson. *Id.* at 10-11.

On April 15, 2026, the magistrate judge issued findings and recommendations and recommending the action proceed only on the cognizable claims. *Id.* at 11. The findings and

recommendations were served on Plaintiff and granted him 30 days to file any objections. *Id.* The court informed Plaintiff that a failure to file timely objections may result in the waiver of rights on appeal. *Id.* at 12 (citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014)).

Plaintiff filed objections to the findings and recommendations on May 26, 2026. Doc. 15. Plaintiff objects to the recommendation to dismiss his Eighth Amendment claim against C. Wilson, but as the magistrate judge correctly found, plaintiff's factual allegations fail to support an Eighth Amendment claim. *See* Doc. 14 at 8–9 (citing *Somers v. Thurman*, 109 F.3d 614 (9th Cir. 1997). Plaintiff also objects to the dismissal of his claims against Warden Cisneros and CDCR Secretary Gipson, but he fails to establish any basis for supervisory liability.

Consistent with 28 U.S.C. § 636(b)(1), this court reviewed this matter de novo. Having carefully reviewed the matter, the court concludes the findings and recommendations are supported by the record and proper analysis. The Court **ORDERS**:

1. The findings and recommendations issued April 15, 2026 (Doc. 14) are **ADOPTED** in full.
2. This action **SHALL** proceed only on (i) Plaintiff's claim against Defendants Wilson, Cortez, and Larios for unreasonable unclothed body searches in violation of the Fourth Amendment, and (ii) Plaintiff's claim against Defendant Wilson for retaliation in violation of the First Amendment. All other claims and defendants are **DISMISSED**.
3. The Clerk is directed to revise the docket and case caption to reflect Defendant Wilson as lead defendant on the docket.
4. This matter is referred to the magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: September 7, 2026

UNITED STATES DISTRICT JUDGE