UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMON ANDERSON,<br>Plaintiff,<br>v.<br>C. WILSON, et al.,<br>Defendants | Case No. 1:25-cv-00549-KES-EPG (PC)<br><br>ORDER AUTHORIZING ISSUANCE OF SUBPOENA *DUCES TECUM* AND SETTING DEADLINES<br><br>AND<br><br>ORDER DIRECTING CLERK TO SEND PLAINTIFF A COPY OF FORM AO 88B AND FORM USM-285 |

Plaintiff Damon Anderson is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. In his first amended complaint, Plaintiff alleged, among other things, that Defendants conducted unreasonable unclothed body searches and that Defendant Wilson retaliated against him. (ECF No. 12). Following screening, the Court issued findings and recommendations that these claims proceed past screening (ECF No. 14 at 11), and the District Judge adopted the findings and recommendations in full. (ECF No. 16). The Court then ordered service of the amended complaint under the Court's E-Service pilot program for civil rights cases by providing copies of relevant documents electronically to the California Department of Corrections and Rehabilitation ("CDCR") and the California Attorney General's Office (ECF Nos. 17, 18).

In response, the CDCR timely filed with the Court its "Notice of Intent to Not Waive Service" for Defendant J. Cortez (ECF No. 20). The United States Marshals Service ("USMS") then attempted to execute service of the amended complaint, but the summons was returned unexecuted. (ECF NO. 21). In its Process Receipt, USMS stated:

> Spoke with CSATF Lit Co. He stated CSATF has 3 employees with the name J. Cortez for the date in question. He could not locate a J. Cortez working in Work Change / Facility D. Need more identifying info like a badge number. Return unexecuted.

(*Id.* at 1).

To proceed against Defendant J. Cortez, Plaintiff must identify and serve this Defendant. Plaintiff will have an opportunity to seek information to learn more identifying information about Defendant J. Cortez, along with Cortez's current address and contact information. However, it remains Plaintiff's responsibility to serve Defendant J. Cortez.

Although Federal Rule of Civil Procedure 26(d)(1) generally provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," a party may do so "when authorized . . . by court order." Here, the Court finds good cause to permit Plaintiff to issue a subpoena duces tecum for the limited purpose of discovering the identity and badge number of the employee Plaintiff calls J. Cortez, who was stationed at Work Change / Facility D on the dates at issue, including September 13, 2021 and October 4, 2021 (ECF No. 14 at 8), along with the current service address and contact information for Defendant J. Cortez, so that this case may proceed. *See Malibu Media, LLC v. Doe*, 319 F.R.D. 299, 305 (E.D. Cal. 2016) (noting that a court may permit, for good cause, early discovery to learn the identities of Doe defendants).

Accordingly, the Court will authorize the issuance of a subpoena *duces tecum* to seek documents from the California Department of Corrections and Rehabilitation. The Clerk of Court is directed to send Plaintiff one copy of form AO 88B and one copy of form USM-285, to be completed by Plaintiff. When completing these subpoena forms, Plaintiff should only request documents that may assist him in specifically identifying J. Cortez and the current address and other relevant contact information for Defendant J. Cortez.

On the AO 88B form, in the section that beings with "To: (Name of person to whom this subpoena is directed)," Plaintiff should identify the person or entity he is seeking the documents from. Because Plaintiff is seeking information about an employee at California Substance Abuse Treatment Facility ("CSATF"), their employer, CSATF, appears to be the logical recipient of the subpoena.

In the blank space between the lines starting with "production" and "place," Plaintiff should identify the documents he is seeking that would assist him in identifying and serving Defendant J. Cortez, such as a list of employees who were working at the Work Change station / Facility D on September 13, 2021 and October 4, 2021, along with their badge numbers, and any documents related to the current home or mailing address of J. Cortez or other relevant contact information.

The "place" and date and "time of the production" boxes refer to the date on which the documents should be produced to the Plaintiff and the address of where the documents should be sent, such as the place of his incarceration or his residence.

Plaintiff should **not** fill out Proof of Service section of the AO 88B form, it will be completed by the USMS after they serve the subpoena. Similarly, Plaintiff should not fill out the section of the USM-285 form that is marked "Space Below for Use of U.S. Marshal Only – Do Not Write Below this Line."

The "Serve At" Section on the USM-285 form should match "To:" section on the AO 88B form, providing the name and address of the person or entity to whom subpoena is directed, such as CSATF.

Once Plaintiff has completed and returned forms AO 88B and USM-285, the Court will review the documents and, if they are correctly completed, the Court will direct the United States Marshals Service to serve the subpoena.[1] The Court notes that it may limit Plaintiff's request for production of documents.

Plaintiff has 120 days from the date of this order, until February 6, 2027, to serve Defendant J. Cortez with summons and complaint. If Plaintiff believes he has mis-named the actual correctional officer who engaged in the alleged conduct as J. Cortez, then Plaintiff must file a motion to substitute the actual defendant for Defendant J. Cortez by February 6, 2027. Failure to serve Defendant J. Cortez or file a motion to substitute Defendant J. Cortez by this deadline may result in the dismissal of this action.

\\\

\\\

---

[1] If after being served with the subpoena, the California Department of Corrections and Rehabilitation fails to respond or objects to providing documents, Plaintiff may file a motion to compel. The motion must be filed with the Court and served on the responding person or entity.

Accordingly, **IT IS ORDERED** that:

1. The Clerk of Court is directed to send Plaintiff one copy of form AO 88B and one copy of form USM-285;
2. Plaintiff has **30 days** from the date of service of this order to complete and return forms AO 88B and USM-285; and
3. Plaintiff has **120 days** from the date of this order, until **February 6, 2027**, to serve Defendant J. Cortez with summons and complaint or file a motion to substitute Defendant J. Cortez. **Failure to serve Defendant J. Cortez or file a motion to substitute by this deadline may result in the dismissal of this action.**

IT IS SO ORDERED.

Dated: **October 9, 2026**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE